# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-1528V

---

EBONY HENDERSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Horner

Filed:  March 27, 2025

Reissued for Public Availability:
April 21, 2025

---

*Jessica Wallace, Siri & Glimstad, LLP, Aventura, FL, for petitioner.*
*Mitchell Jones, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 13, 2022, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2]  (ECF No. 1.)  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccination of October 13, 2019.  (*Id.*)  Petitioner initially filed this action as a pro se litigant; however, petitioner's counsel, Ms. Wallace, became counsel of record about two months after the case was initially filed.  (ECF No. 13.)  On March 25, 2025, petitioner's current counsel filed a motion to withdraw, citing irreconcilable differences between attorney and client with respect to how to proceed.  (ECF No. 54.)

In anticipation of her withdrawal from the case, Ms. Wallace filed a motion for an award of interim attorneys' fees and costs.  (ECF No. 51.)  She seeks a total of $36,015.77 for interim attorneys' fees and costs, including $34,371.90 in attorneys' fees and $1,643.87 for costs.  (*Id.* at 25.)  In his response to the motion, respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on March 27, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

(ECF No. 55, p. 1.)  Respondent defers to the special master with respect to both the appropriateness and reasonable amount of any award of interim attorneys' fees and costs.  (*Id.* at 2, 4.)  Petitioner filed a brief reply on March 27, 2025. (ECF No. 56.)  Thus, petitioner's motion is now ripe for resolution.

For the reasons discussed below, petitioner's motion is **GRANTED**, and interim attorneys' fees and costs are awarded in the requested amount.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  I conclude that this case was filed in good faith and with a reasonable basis.  Although I previously provided guidance within a Rule 5 Order explaining why it preliminarily appears petitioner will be unable to *preponderantly* support her claim (ECF No. 44, pp. 3-4), counsel's interim fee motion stresses that the standard for assessing whether a claim had a reasonable basis (*i.e.* a showing of "more than a mere scintilla" of evidence) is lower than the preponderant standard for determining entitlement and that petitioner did experience shoulder pain around the time of her vaccination for which she did ultimately have an orthopedic evaluation.  (ECF No. 51, pp. 20-22 (quoting *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020)).)  In any event, respondent has not objected to petitioner's motion on the basis of any challenge to either petitioner's good faith in asserting her claim or the reasonable basis for the filing of her petition.  Vaccine Rule 13(a)(3) ("The failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision.").

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that, "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so.  *Compare Wood v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), *with McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 302 (2011).  Here, I exercise my discretion to award interim attorneys' fees and costs in light of counsel's departure from this case.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton*

*v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

The undersigned has reviewed the attorney billing records submitted with petitioner's request. (ECF No. 52-1, pp. 1-32.) I do not see any reason to reduce the hourly rates requested or the hours billed.[3] I have also reviewed the requested costs and find them to be reasonable and sufficiently documented. (*Id.* at 33-43.)

---

[3] The requested hourly rates through 2024 are consistent with what has previously been awarded. *E.g. W.R. v. Sec'y of Health & Human Servs.*, No. 20-1401V, 2023 WL 8187303 (Fed. Cl. Spec. Mstr. Oct. 23, 2023); *Jett-Crawford v. Sec'y of Health & Human Servs.*, No. 21-2157V, 2024 WL 5320023 (Fed. Cl. Spec. Mstr. Dec. 18, 2024). However, counsel represents that this is her first request for attorneys' fees relating to work performed in 2025, for which she requests compensation at a rate of $359 per hour for herself and $195 per hour for her paralegals. (ECF No. 51, p. 23.) OSM has not yet published an hourly rate fee schedule for 2025. Accordingly, I do not reach a conclusion as to counsel's requested rate for 2025 to be applied in future cases. However, for purposes of this motion, I find that the overall amount sought for attorneys' fees is reasonable in light of the work performed in this case and counsel's requested rate for 2025 appears presumptively reasonable in that it accords with the fee schedule for 2024. Specifically, Ms. Wallace represents that she has seven years of legal experience and the 2024 rate range for attorneys with 4-7 years of experience is $305 -- $407. The allowable rates for paralegals for 2024 are $170 -- $197. *See* https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2024.pdf.

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the total amount of $36,015.77, to be paid through an ACH deposit to petitioner's counsel, Ms. Jessica Wallace's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.